## William Hicks v. The People.

The preceding case of *Washburn v. The People*, affirmed.

An information for incest, which charges the crime to have been committed with one H., "she, the said H., being then and there the daughter" of the accused, is sufficient, without also averring, in the words of the statute, that the parties were "within the degrees of consanguinity within which marriages are prohibited, or declared by law to be incestuous and void."

*Heard May 8d. Decided July 18th,*

Error to Washtenaw Circuit.

HICKS *v.* THE PEOPLE.

*O. Hawkins,* for plaintiff in error.

*C. Upson, Attorney General,* for the People.

CHRISTIANCY J.:

The same objections are urged to the information and its verification in this case as in the case of *Washburn v. The People* argued and submitted with this. The opinion in that case decides the present, so far as these questions are involved.

The information is for incest, and charges that the defendant " did commit the crime of fornication with one Harriet A. Hicks, by having carnal knowledge of the body of her, the said Harriet A. Hicks, she the said Harriet A. Hicks being then and there the daughter of the said William Hicks."

It is assigned as error that the information does not allege, in the language of the statute creating the offense (*Comp. L.* § 5870), that the defendant and the said Harriet A. Hicks were " within the degrees of consanguinity within which marriages are prohibited, or declared by law to be incestuous and void." This was clearly unnecessary. It being charged that the offense was committed with a daughter of the defendant, it is but a conclusion of law that the parties were within the prohibited degrees of relationship. By reference to Compiled Laws § 3206, it will be seen that no man is allowed to marry his daughter; and by the next section, that no woman is permitted to marry her father. This is a public law of which courts are bound to take notice. The statute creating the offense here charged uses the words " within the degrees of consanguinity within which marriages are prohibited," &c., as descriptive of the class of persons to whom it applies, and merely for the sake of brevity, to avoid the necessity of enumerating specifically all the different degrees of relationship to which the provision is intended to apply.

HICKS v. THE PEOPLE.

There is no error in the judgment or proceedings of the Circuit Court, and the judgment must be affirmed.

MARTIN CH. J. and MANNNG J. concurred.

CAMPBELL J. dissented on the same grounds as in the case of *Washburn v. The People*, but concurred upon the other point.