*In re* BOURNE.

1. CRIMINAL LAW—STATUTES.
    Criminal statutes must be strictly construed.

2. INCEST—STATUTES.
    The crime of incest is purely statutory (Act No. 328, § 333, Pub. Acts 1931).

3. INDICTMENT AND INFORMATION—INCEST—STEPDAUGHTER—CONSANGUINITY.
    Information charging that defendant had incestuous relationship with his stepdaughter did not charge a crime known to the law of this State; the statute defining incest providing that

parties to the act of adultery or fornication must be within the degree of consanguinity within which marriages are prohibited or declared by law to be incestuous and void (3 Comp. Laws 1929, § 12692; Act No. 328, § 333, Pub. Acts 1931).

4. HABEAS CORPUS—FAILURE OF INFORMATION TO CHARGE A CRIME. Defendant who was charged with incest by fornication with stepdaughter and who pleaded guilty thereto was improperly committed to prison under a void sentence and entitled, in habeas corpus proceeding, to discharge from custody, where information charged no other crime, since defendant and stepdaughter were not related by ties of consanguinity (3 Comp. Laws 1929, § 12692; Act No. 328, S 333, Pub. Acts 1931).

Habeas corpus to inquire into detention of John Bourne by the warden of State Prison of Southern Michigan, and ancillary certiorari to Chippewa circuit court. Submitted December 18, 1941. (Calendar No. 41,691.) Petitioner discharged February 11, 1942.

*John Bourne, in pro. per.*

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for the people.

BUSHNELL, J. After arrest upon a warrant and examination before a justice of the peace, petitioner John Bourne was charged in an information dated August 29, 1939, with the crime of incest. The information states that on the 19th day of December, 1935, Bourne had incestuous relationship with his stepdaughter, Hazel Marsh, in violation of Act No. 328, § 333, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–333, Stat. Ann. § 28.565). Bourne pleaded guilty and received a 10-year sentence.

The record shows that over a long period of years Bourne committed successive acts of sexual intercourse with four daughters of his wife by a previous

marriage and that seven children were thus born. The statute, *supra,* under which the information was laid, although slightly changed in its phraseology by Act No. 36, Pub. Acts 1927 (3 Comp. Laws 1929, § 16857), is one of long standing. It reads:

"Any person who is within the degree of consanguinity with another within which marriages are prohibited or declared by law to be incestuous and void, and shall marry such other person, or shall commit adultery or fornication with such other person, shall be guilty of a felony, punishable by imprisonment in the State prison for not more than ten years."

The marriage statute (3 Comp. Laws 1929, § 12692 [Stat. Ann. § 25.3]) referred to above is also of long standing. It reads:

"No man shall marry his mother, grandmother, daughter, granddaughter, stepmother, grandfather's wife, son's wife, grandson's wife, wife's mother, wife's grandmother, wife's daughter, wife's granddaughter, nor his sister, brother's daughter, sister's daughter, father's sister, or mother's sister, or cousin of the first degree."

Although under the latter statute a stepfather may not marry his wife's daughter, the "incest" statute by its language places around that crime the limitation of "consanguinity" and, either purposely or inadvertently, excludes "affinity." Having in mind that criminal statutes must be strictly construed, *People* v. *Goulding,* 275 Mich. 353, that the crime of incest is purely statutory, *People* v. *Burwell,* 106 Mich. 27, and that the well-known maxim *"expressio unius est exclusio alterius"* applies, we must determine whether the information charges a crime known to the law.

Bourne's stepdaughter, Hazel Marsh, was not related to him by ties of "consanguinity." The court said in *Hicks* v. *People,* 10 Mich. 395:

"The statute creating the offense here charged uses the words 'within the degrees of consanguinity within which marriages are prohibited,' et cetera, as descriptive of the class of persons to whom it applies, and merely for the sake of brevity, to avoid the necessity of enumerating specifically all the different degrees of relationship to which the provision is intended to apply."

Statutes of many States extend the crime of incest to sexual relations between relatives by affinity as well as consanguinity, but the statutes of this State limit the crime of incest to sexual relations between those related by ties of consanguinity. The information on its face negatives such a relationship and does not charge any other crime. Notwithstanding the moral iniquity of Bourne and the fact that he was probably guilty of other crimes, we are forced to hold that the information before us does not describe any crime known to the law of this State. It follows that Bourne was improperly committed to the penitentiary on a void sentence even though he had pleaded guilty as charged. See 27 Am. Jur. p. 290, Incest, § 4; 16 C. J. p. 1301, Criminal Law, § 3072; *Commonwealth* v. *Andler,* 247 Mass. 580 (142 N. E. 121); *Commonwealth* v. *Ashey,* 248 Mass. 259 (142 N. E. 788); and *Chancellor* v. *State,* 47 Miss. 278.

We quote the concluding language of the brief of the attorney general in the instant case, as follows:

"The Michigan statute, strictly construed, makes it a criminal offense to have sexual commerce with others 'within the degree of *consanguinity* * * * within which marriages are prohibited;' it does not

expressly include degrees of *affinity* within which marriages are forbidden. And we are not in a position to urge that the statute should be extended by implication.

"So grave is the doubt in our mind, that we cannot seriously argue that the petitioner should not be discharged.

"The moral offense which petitioner undoubtedly committed and to which he pleaded guilty, should subject him to punishment, but if such punishment is not provided by the legislature then the lawmakers alone may correct the situation."

The petitioner is discharged from custody.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.