**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Douglas HOEKSTRA, Defendant and Respondent.**

**No. 12566.**

Supreme Court of South Dakota.

Dec. 20, 1979.

Thomas J. Welk, Asst. Atty. Gen., Pierre, for plaintiff and appellant; William J. Janklow, Atty. Gen., Pierre, Arthur L. Rusch, Clay County State's Atty., Vermillion, on the brief.

Charles A. Wolsky of Morman, Smit, Shepard & Hughes, Sturgis, for defendant and respondent.

WOLLMAN, Chief Justice.

The State appeals from the trial court's order dismissing an indictment returned by a Clay County grand jury. We reverse.

Defendant-respondent was indicted by the grand jury August 11, 1977, for distribution of LSD. Six witnesses testified before the grand jury, only one of whom, a John Anderson, directly implicated defendant in the commission of a crime. About six months later, witness Anderson attempted to recant his grand jury testimony in defense counsel Charles Wolsky's office. Attorney Wolsky warned Anderson that he could be prosecuted for perjury and that he should obtain his own lawyer for any further proceedings. Only attorney Wolsky and his legal secretary were present at this "recant" session. Anderson told Wolsky that he had not seen defendant purchase drugs from one Murphy. This answer did not, however, contradict Anderson's grand

jury testimony that he had seen Murphy purchase drugs from defendant.

Defendant then moved the court to dismiss the indictment on the ground that one of the witnesses before the grand jury had committed perjury. This motion was denied. On May 26, 1978, Anderson appeared in person with his attorney before the circuit court, at which time Anderson refused to confirm or deny that he had perjured himself before the grand jury, claiming his constitutional privilege against self-incrimination. Without hearing any other testimony and without making any finding that perjury had been committed, the court dismissed the indictment.

The State argues there is no statutory authority to support dismissal of the indictment. At all times material herein, SDCL 23–36–1 provided,* in pertinent part, that the indictment must be set aside in any of these cases: (1) When it is not found in accordance with title 23; (2) when the names of witnesses are not inserted on the indictment; (3) when a person is allowed to be present during a grand jury session in violation of SDCL 23–30–7 and SDCL 23–30–8; or (4) when the defendant has not been held to answer before the finding of the indictment on any ground which would have been good grounds for challenge. This court has held that the statutory grounds enumerated in SDCL 23–36–1 are exclusive. *State v. Nuwi Nini*, 262 N.W.2d 758 (S.D.1978); *State v. Reggio*, 84 S.D. 687, 176 N.W.2d 62 (1970); *State v. Carlisle*, 30 S.D. 475, 139 N.W. 127 (1912). Upon the basis of those decisions, we conclude that there is no legal basis for defendant to attack the sufficiency of the evidence in support of the indictment.

Even if, arguendo, the grounds stated in SDCL 23–36–1 were not exclusive, the overwhelming authority today stands for the proposition that a court cannot inquire into the legality or sufficiency of the evidence upon which an indictment is based.

In *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), the Supreme Court held that neither the Fifth Amendment nor justice and the concept of a fair trial requires indictments to be open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury. If indictments were held open to challenge on such grounds, interminable delay could result. The result of such a rule, said the Court, would be that before a trial on the merits, a defendant could insist on a preliminary trial to determine the competency and adequacy of the evidence before the grand jury, something not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. *Costello v. United States,* supra. Cf. *Rose v. Mitchell*, —— U.S. ——, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979).

Courts have not deviated from this general rule even in cases in which perjury was alleged. *United States v. DeLeo*, 422 F.2d 487 (1st Cir. 1970), involved alleged perjury by a witness before the grand jury. The court indicated that even if the perjury charge were true the indictment of a grand jury is not to be impeached by the tainted testimony of one witness, citing *Costello,* supra, and *Laughlin v. United States,* 128 U.S.App.D.C. 27, 385 F.2d 287 (D.C.Cir. 1967).

In *State v. Jacobson,* 22 Ariz.App. 128, 524 P.2d 962 (1974), a case with circumstances quite similar to the case at bar, the court indicated that defendant's claim that the indictment was based upon perjured testimony constituted an attack on the sufficiency or competency of evidence presented to the grand jury, a matter beyond the scope of judicial inquiry.

Defendant's reliance upon *United States v. Basurto,* 497 F.2d 781 (9th Cir. 1974), is misplaced, as that case is distinguishable on its facts. In *Basurto,* the prosecuting attor-

---

* SDCL 23–36–1 was repealed effective July 1, 1979, S.L.1978, ch. 178, § 577. The statutory grounds for dismissal are now set forth in SDCL 23A–8–2.

ney had prior knowledge of the perjured testimony. In the case at bar, however, the State had no prior knowledge of the alleged perjury, and, in fact, had good reason to believe that Anderson's testimony was truthful, since it corroborated a statement given by witness Murphy with respect to the same indictment. Moreover, we note that the Court of Appeals for the Ninth Circuit has subsequently cut back on *Basurto's* reach and has questioned its validity. *United States v. Bracy*, 566 F.2d 649 (9th Cir. 1977), *cert. denied*, 439 U.S. 818, 99 S.Ct. 79, 58 L.Ed.2d 109 (1978).

The order dismissing the indictment is reversed, and the case is remanded to the circuit court for trial.

All the Justices concur.