STATE of Indiana, Appellant,
(Plaintiff Below),

v.

Robert FISCHER, Appellee,
(Defendant Below).

No. 4–1085–A–271.

Court of Appeals of Indiana,
Fourth District.

June 9, 1986.

Rehearing Denied July 10, 1986.

---

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellee.

YOUNG, Presiding Judge.

The State brings this appeal in a criminal case. Fischer was charged with incest and criminal deviate conduct. The charge of incest was dismissed. The criminal deviate conduct charge was tried to a jury resulting in acquittal. The state now claims the trial court erred by dismissing the charge of incest and by excluding evidence of Fischer's prior conviction of child molesting.

On the day of trial, Fischer moved to dismiss the incest count because while the victim was the natural son of the defendant, the victim had been adopted out of Fischer's custody at the age of four. The motion was granted.

Purposefully setting aside procedural arguments which have no merit, we hold that the trial judge correctly dismissed the incest count.

The statute defining incest states:

(a) A person eighteen [18] years of age or older who engages in sexual intercourse or deviate sexual conduct with another person, when he knows that the other person is his parent, step-parent, child, stepchild, grandparent, grandchild, sibling, aunt, uncle, niece, or nephew, commits incest, a class D felony.

(b) It is a defense that the accused person's otherwise incestuous relation with the other person was based on their marriage, if it was valid where entered into.

IND.CODE 35–46–1–3.

Any examination of a criminal statute is premised upon the tenet that such statutes are to be strictly construed against the State. *Sheppard v. State* (1985), Ind.App., 484 N.E.2d 984. Statutes may not be construed to include anything beyond their letter, even though within their spirit.

Here, although the victim was the biological child of Fischer, his adoption completely severed that relationship. The adoptive parent became the actual parent of the child. *See, e.g., Lipginski v. Lipginski* (1985), Ind.App., 476 N.E.2d 924, 927; *In re Visitation of Menzie* (1984), Ind.App., 469 N.E.2d 1225, 1227. We have said that for all legal and practical purposes the adopted child is the same as dead to its parents. *In re Bryant's Adoption* (1963), 134 Ind.App. 480, 189 N.E.2d 593. Thus, the victim was not a "child" of Fischer within the terms of the statute defining incest, and the trial judge correctly dismissed that count. *Cf. State v. Burney* (1983), 189 Conn. 321, 455 A.2d 1335 (natural father acquitted of committing incest with his sixteen year old daughter who had been adopted by another). Legislative history provides further support for this result. The original draft of the child molest statute proposed for the 1974 revision of the criminal code would have included a natural child who has been

adopted within the scope of the incest statute:

> (a) A person of the age of eighteen (18) years or over is guilty of incest if he knowingly has sexual intercourse or performs an act of deviate sexual conduct with another person *to whom he knows he is related, either naturally or by adoption,* as follows:
>
> 1) father and daughter; or
> 2) stepfather and stepdaughter; or
> 3) mother and son; or
> 4) stepmother and stepson; or
> 5) grandparent and grandchild; or
> 6) brother and sister; or
> 7) uncle and niece; or
> 8) aunt and nephew.

(emphasis added). Our legislature, for whatever reason, chose to omit the phrase "related, either naturally or by adoption" in its final version of the child molesting statute. We are not free to add that phrase to the statute by judicial fiat.

The State next attempts to predicate error upon the trial judge's refusal to permit a witness, Rich Wilson, to testify during the trial regarding Fischer's prior conviction for child molesting. No offer to prove was made by the state pursuant to Indiana Rules of Procedure, Trial Rule 43(C) and Criminal Rule 6. Therefore, the state has waived consideration of that issue.

Affirmed.

MILLER and CONOVER, JJ., concur.