Phyllis M. WIELGUS and Richard S.
Wielgus, Appellants
(Plaintiffs Below),

v.

Santiago A. LOPEZ, M.D., and Arthur
G. Pettis, M.D., Appellees
(Defendants Below).

No. 64A03–8706–CV–149.

Court of Appeals of Indiana,
Third District.

July 21, 1988.

James J. Nagy, Munster, Walter J. Alvarez, Merrillville, for appellants.

Gregory R. Lyman, Singleton, Levy and Crist, Highland, for appellee Santiago A. Lopez, M.D.

David M. McTigue, Lloyd M. Allen, South Bend, for appellee Arthur G. Pettis, M.D.

HOFFMAN, Judge.

Phyllis M. Wielgus and Richard S. Wielgus bring this appeal from a judgment in favor of Santiago A. Lopez, M.D., and Arthur G. Pettis, M.D., after a jury trial in Porter County Superior Court.

The facts of this case, as taken most favorably to the verdict, are as follows: On June 4, 1980, Dr. Lopez performed a vaginal hysterectomy and an anterior bladder repair on Mrs. Wielgus in Methodist Hospital in Gary. Dr. Pettis was responsible for administering anesthesia to Mrs. Wielgus and for the recovery room treatment of Mrs. Wielgus.

After the surgery was completed, Mrs. Wielgus was admitted to the recovery room with a recorded blood pressure of 100/60. Dr. Pettis was later notified by Mary Mihok, the recovery room nurse, that Mrs. Wielgus' blood pressure had dropped. Dr. Pettis ordered the administration of three units of plasmanate and one unit of packed red cells over the course of the next hour and fifteen minutes. When these measures failed to significantly raise Mrs. Wielgus' blood pressure, Dr. Pettis concluded that Mrs. Wielgus may have been bleeding internally and notified Dr. Lopez. Dr. Lopez performed a second surgery on Mrs. Wielgus in which he repaired a torn ovarian vein.

The Wielguses present four issues, as restated, for appellate review:

(1) whether the trial court erred in omitting portions of Dr. Pettis' cross-examination from the video tape presentation to the jury of the deposition of Dr. Pettis;

(2) whether the trial court erred in reading Dr. Lopez' proposed Final Instruction No. 3 to the jury;

(3) whether the trial court erred in reading Dr. Pettis' proposed Final Instruction No. 3 to the jury; and

(4) whether the jury's verdict was contrary to law and contrary to the evidence presented at trial.

The Wielguses' first allegation of error is that the trial court erred in omitting portions of Dr. Pettis' cross-examination from the video tape presentation of Dr. Pettis' deposition. The limitation of cross-examination is within the discretion of the trial court, and a cause will not be reversed due to the limitation of cross-examination unless it appears there has been an abuse of discretion to the injury of the complaining party. *Posey County v. Chamness* (1982), Ind.App., 438 N.E.2d 1041, 1045.

The cross-examination omitted by the trial court consisted of questions to Dr. Pettis regarding notations in the hospital recovery room record, the time Dr. Pettis was notified of Mrs. Wielgus' blood pressure drop, the time Dr. Lopez was summoned to the hospital, and the possible procedure used by Dr. Lopez during Mrs. Wielgus' first surgery. The Wielguses argue that the omission of these questions and the subsequent loss of composure by Dr. Pettis constituted an abuse of discretion and harmed them in the presentation of their case to the jury.

The hospital recovery room record was introduced into evidence at trial and Dr. Pettis was cross-examined thoroughly in portions of the cross-examination admitted by the trial court regarding the record, the time he was notified of Mrs. Wielgus' blood pressure drop, and the time Dr. Lopez was summoned to the hospital. Further, Dr. Pettis lost his composure several times during the portion of the deposition's cross-examination that was shown to the jury. It is well within the trial court's discretion to limit repetitive cross-examination. *See, Davis v. Eagle Products, Inc.* (1986), Ind. App., 501 N.E.2d 1099, 1107.

█ The trial court also did not err in omitting cross-examination of Dr. Pettis regarding the possible procedure used by Dr. Lopez. Dr. Pettis made it clear that he neither saw Dr. Lopez perform the questioned procedure nor was he familiar with the surgical standard of care in Lake County. The Wielguses were not harmed and the trial court did not err in omitting portions of the deposed cross-examination from the evidence presented at trial.

The Wielguses' second allegation of error is that the trial court erred in reading Dr. Lopez' proposed Final Instruction No. 3 to the jury. The instruction in question reads:

"Defendants are allowed discretion in which to exercise their best medical judgment in making a diagnosis and selecting appropriate medical care and treatment where there is doubt as to the nature of Plaintiff's physical condition or where there is additional doubt as to what should be done in accordance with good medical practice."

█ The giving of jury instructions is a matter primarily entrusted to the discretion of the trial court. *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138, 1146. Instructions given to the jury must be supported by the evidence and be correct statements of law. *Tuthill Corp. Fill–Rite Div. v. Wolfe* (1983), Ind.App., 451 N.E.2d 72, 77. It is well established that it is not necessary for any single instruction to contain all the law applicable to the case, and on review the instructions will be construed in harmony with each other. *Martin v. Roberts* (1984), Ind., 464 N.E.2d 896, 902.

█ Dr. Lopez' proposed Final Instruction No. 3 was not an incorrect statement of law, as this Court has in the past approved jury instructions stating that a physician is allowed discretion in choosing between methods of treatment when the applicable standard of care is in doubt. *See, Fall v. White* (1983), Ind.App., 449 N.E.2d 628, 635; and *Joy et al. v. Chau* (1978), 177 Ind.App. 29, 33, 377 N.E.2d 670, 673.

Further, Dr. Lopez' instruction was accompanied by Final Instruction No. 8, which clearly informed the jury that both doctors were charged with the duty to treat Mrs. Wielgus with the degree of skill and care which is ordinarily possessed by doctors of their specialty. These instructions construed together adequately covered the applicable law in this case. The trial court therefore did not abuse its discretion in reading Dr. Lopez' proposed Final Instruction No. 3 to the jury.

█ The Wielguses' third allegation of error, that the trial court erred by reading Dr. Pettis' proposed Final Instruction No. 3 to the jury, is subject to the same standard of review. *See, Jones, supra,* and *Tuthill, supra.* Dr. Pettis' proposed Final Instruction No. 3 reads as follows:

"You may not speculate or guess what the standards of care are or what caused the plaintiffs' damages, if any, or attempt to determine these questions from

any other source or any other basis than from the testimony of the medical expert witnesses called for that purpose. If, from all the expert testimony, you are unable to determine what the standards of care are or whether Dr. Lopez or Dr. Pettis violated them, your verdict should be for the defendants."

This instruction is a correct statement of law, *see Kranda v. Houser–Norborg Medical Corp.* (1981), Ind.App., 419 N.E.2d 1024, 1039, and the Wielguses have failed to demonstrate an abuse of discretion in the trial court's giving of the instruction.

▮ The Wielguses' final allegation of error is that the trial court erred in accepting the jury's verdict. The Wielguses contend that the verdict for Drs. Lopez and Pettis was contrary to law and the evidence presented at trial. To establish a case of medical malpractice, a plaintiff must show that, one, a duty was owed to them by the defendants; two, the defendants breached their duty by allowing their conduct to fall below the set standard of care; and three, the plaintiffs suffered compensable injuries proximately caused by the defendants' breach of duty. *Dolezal v. Goode* (1982), Ind.App., 433 N.E.2d 828, 831.

The evidence presented at trial included the testimony of Dr. Lopez, Dr. Pettis and three expert witnesses that the performance of the two doctors regarding Mrs. Wielgus was either at or above the set standard of care. The evidence thus supported the jury's verdict that the Wielguses failed to prove their allegations of medical malpractice.

There being no finding of error, the decision of the trial court is affirmed.

Affirmed.

STATON and CONOVER, JJ., concur.