**Joseph BOHALL, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S02–8912–CR–892.**

Supreme Court of Indiana.

Dec. 5, 1989.

1. Act effective Apr. 30, 1987, Pub.L. No. 180, § 1, 1987 Ind.Acts 2201, 2202 (codified as amended at Ind.Code § 14–2–7–11(d) (West Supp.1989)).

William L. Soards, Soards, Carroll & Fruechtenicht, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

## ON CRIMINAL PETITION FOR TRANSFER

GIVAN, Justice.

In an unpublished opinion, the Court of Appeals reversed appellant's conviction for Incest. 543 N.E.2d 689. In so doing, the Court of Appeals relied on *State v. Fischer* (1986), Ind.App., 493 N.E.2d 1265.

From infancy until she was fourteen years of age, the victim in this case lived with Robert and Edith Moss as her foster parents. When she was fourteen years old, the Mosses adopted her. When Mr. Moss died in 1982, the victim went to live with a stepsister for one year, then moved in with her natural father, appellant, and his wife, Barbara A. Bohall. The victim lived with the Bohalls from the summer of 1983 until January of 1986. She testified that over this three-year period she was molested several times by her natural father. She testified that these encounters were against her will and that her father threatened to kill her if she notified anyone as to what had happened. She was impregnated by her father, who refused to let her abort the fetus. Following the birth of her child, blood tests established appellant as the father of the child.

The decision of the Court of Appeals is based upon the proposition that the adoption of the victim by the Mosses severed the parental relationship between the victim and appellant. Following the adoption, under the law, the victim was no longer the daughter of appellant; therefore, he could not be prosecuted under the incest statute.

The majority opinion of the Court of Appeals is correct in stating that this was the holding in *Fischer, supra.* However, Judge Ratliff wrote a dissenting opinion in the case at bar in which he correctly states that *Fischer* was in error. While it is true that the adoption law of this state provides that an adoption severs the relationship between the child and the natural parents and considers the adoptive parents to be the parents of that child thenceforth, it is obvious that this is intended to prevent the natural parents from interfering with the family life in the adoptive home and is calculated to benefit the child and the adoptive parents. It of course is impossible to nullify by legislative declaration the fact that the biological parents continue to be blood relatives of the child; the link of consanguinity cannot be erased by enactment.

Throughout the history of the laws against incest, it has been defined repeatedly as sexual intercourse between persons of certain degrees of consanguinity. *See* 20(A) Words and Phrases, "Incest," p. 84 *et seq.;* 41 Am.Jur.2d *Incest* § 7. As early as 1910, the Supreme Court of Indiana held that incest is defined as "sexual intercourse between persons so nearly related that marriage between them would be unlawful." *State v. Tucker* (1910), 174 Ind. 715, 717, 93 N.E. 3, 3.

Indiana Code § 31–7–6–3 declares void any marriage between parties more closely related than second cousins. This, of course, encompasses the relationship of father to daughter. To follow logically the principle laid down both in *Fischer* and in the case at bar, one would have to hold that appellant in this case could lawfully have married his natural daughter.

We cannot presume, as did the court in *Fischer*, that the legislature intended to exclude natural parents whose children had been adopted from the prohibitions of the

incest statute. The 1987 amendment adding the words "related to the person biologically" to Ind.Code § 35–46–1–3 was, as mentioned by Judge Ratliff, not intended as a change in the law, but merely was intended to correct the erroneous interpretation of the term "child" hypertechnically rendered in *Fischer.* Such a subsequent amendment of a statute is indicative of the legislature's intent at the time of the statute's initial enactment. *United States Fidelity & Guar. v. DeFluiter* (1983), Ind. App., 456 N.E.2d 429. *Fischer, supra* is expressly overruled, and the opinion of the Court of Appeals in the case at bar is set aside.

■ Appellant also raises the question that the evidence presented is insufficient to sustain his conviction. He claims that there is a failure to prove that he is guilty beyond a reasonable doubt. However, in view of the evidence as cited above, there is ample evidence to sustain the verdict of the jury. This Court will not reweigh such evidence. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670.

■ Appellant also contends the trial court erred in sustaining the State's motion in limine with respect to the Rape Shield Statute, thereby precluding him from properly interrogating witnesses and presenting his defense. The case at bar is a good example of the reason for the Rape Shield Statute. Any prior conduct on the part of the victim is wholly irrelevant to appellant's repeated acts of incest. *See Kelly v. State* (1983), Ind., 452 N.E.2d 907.

The opinion of the Court of Appeals is set aside and the trial court is affirmed.

PIVARNIK, J., concurs.

DICKSON, J., concurs in result without separate opinion.

SHEPARD, C.J., and DeBRULER, J., dissent without separate opinion.