Michael WELLER, Shirey & Sons Trucking, Inc. and Hartford Accident & Indemnity Company, Appellants–Plaintiffs,

v.

MACK TRUCKS, INC. and Michiana Mack, Inc., Appellees–Defendants.

No. 49A02–8908–CV–426.[1]

Court of Appeals of Indiana, First District.

May 15, 1991.

---

1. This case was reassigned to this office January 2, 1991.

Robert H. Johnson, Raymond L. Faust, Norris, Choplin & Johnson, Indianapolis, for appellants-plaintiffs.

Donald D. Levenhagen, Keith A. Kinney, Hill Fulwider McDowell Funk & Matthews, P.C., Indianapolis, for appellees-defendants.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Michael Weller, Shirey & Sons Trucking, Inc., and Hartford Accident & Indemnity Company (collectively "Weller") appeal from a judgment in favor of Mack Trucks, Inc. and Michiana Mack, Inc. (collectively "Mack") in a product liability case. We affirm.

## ISSUE

Was the instruction on the "state of the art" defense supported by the evidence?

## FACTS

Weller filed this product liability claim [2] against Mack, alleging that a semi-truck accident occurred due to a defect in a castle nut in the steering system joint. During the jury trial, Sylvester Mazur, a former TRW [3] employee who was familiar with the design and manufacture of the castle nut on Weller's semi-truck, testified about industry custom and practice, the safety record of such parts, and the quality control and testing performed upon the castle nuts. David Jeffery and Brad Toole also testified about the lack of prior accidents and the industry standards regarding flaws in the castle nuts.

The trial court instructed the jury on the "state of the art" defense as follows:

"'State of the art' is a defense in this case. Product sellers such as defendants are not subject to liability if their product was 'state of the art'.

Whenever a product causes harm, it is a defense that the manufacture, [sic] and inspection of the product was in conformity with the generally recognized state of the art at the time the product was manufactured.

The state of the art with respect to a particular product refers to the generally recognized technological environment at the time of its manufacture. This technological environment includes the scientific knowledge, economic feasibility and the practicalities of implementation when the product was manufactured.

You are instructed that if you find from a preponderance of the evidence that the truck in question was manufactured in conformity with the generally recognized state of the art, then your verdict may be for the defendants."

2. IND.CODE § 33–1–1.5–1 *et seq.*

3. TRW was Mack's supplier of castle nuts.

Record at 38. The jury returned a general verdict for Mack.

## DISCUSSION AND DECISION

■■■ Weller contends the evidence does not support the giving of the "state of the art" defense instruction. The giving of jury instructions is a matter within the trial court's discretion, which we review for an abuse of discretion. *Wielgus v. Lopez* (1988), Ind.App., 525 N.E.2d 1272, 1274–75. In order to determine if the affirmative defense instruction is supported by the evidence, Weller suggests that we utilize the two-step analysis used to examine sufficiency of the evidence for a motion for judgment on the evidence.[4] Weller failed to find the sufficiency standard for the giving of an instruction stated in *Antcliff v. Datzman* (1982), Ind.App., 436 N.E.2d 114, 122, *trans. denied.* We reject Weller's invitation to apply the sufficiency standard for a motion for judgment on the evidence, and we follow *Antcliff.* We consider only the evidence most favorable to the appellee and any reasonable inferences to be drawn therefrom. If any evidence supports the instruction, we will uphold the trial court's giving of the instruction. *Antcliff*, 436 N.E.2d at 122.

■■■ At trial, Weller objected to the instruction:

"The Plaintiffs object to the giving of the state-of-the-art instruction because we do not believe there is a sufficient quantum of proof in the evidence to uh, entitle the Defendants to instruction on this affirmative defense. Uh, we believe that the evidence which is in the record indicates only industry practice and is not sufficient to provide the jury with any standard for determination of the state-of-the-art which takes into account the technical environment, uh, scientific knowledge, economic feasibility, practicalities of implementation[.]"

Record at 643–44. Upon review of the record, the objection appears to claim only that the use of castle nuts in the steering joint and the manufacturing process had not been shown to be "state of the art". More particularly, Weller contends the evidence merely indicated industry practice and did not provide any standard by which to measure "state of the art" which took into account the factors enumerated in the objection. A party claiming error in the giving of an instruction is limited to his stated objection at trial. *Carrier Agency v. Top Quality Building Prod., Inc.* (1988), Ind.App., 519 N.E.2d 739, 744, *trans. denied.* Weller's argument on appeal focuses upon an alleged manufacturing defect of the particular castle nut in Weller's truck. Weller's trial objection did not encompass an argument that the "state of the art" defense does not apply because this particular castle nut was defectively manufactured. Thus, we consider only the grounds of the objection made at trial: whether the evidence sufficiently supported that the use of castle nuts and their manufacturing process were "state of the art" in order to instruct the jury on the affirmative defense.

■■■ Evidence that methods, standards, or techniques of designing and manufacturing an allegedly defective product were prepared and applied in conformity with generally recognized state of the art at the time of design and manufacture is a defense to a products liability claim. *Montgomery Ward & Co. v. Gregg* (1990), Ind.App., 554 N.E.2d 1145, 1155, *trans. denied;* I.C. § 33–1–1.5–4(b)(4). Mack produced evidence that the steering joint was "state of the art" by presenting testimony by Mazur, Jeffery, and Toole about the existing level of technology, industry standards, the lack of other advanced technology, the joint's safety record, and the lack of prior accidents. The supporting testimony indicates castle nuts had been used in steering joints for seventy years. Mazur stated that many tests conducted to im-

---

**4.** In *Lazarus Dept. Store v. Sutherlin* (1989), Ind.App., 544 N.E.2d 513, 518, *trans. denied,* we set forth the following analysis for sufficiency for a motion for judgment on the evidence: 1) determine whether reasonable quantitative evidence supports the allegations, and 2) determine whether a reasonable inference that the allegations are true can logically be drawn from that evidence.

prove the steering joint had been unsuccessful, and "we've always come back to this one and it is still the standard." Record at 250–251.

Weller contends that even if Mack's product conformed to the existing level of technology, such conformity is not conclusive proof that the product is reasonably safe. *See Dudley Sports Co. v. Schmitt* (1972), 151 Ind.App. 217, 229, 279 N.E.2d 266, 276, *trans. denied.* Weller contends Mack failed to present evidence that "what *is* done is the best that *can be* done". Appellant's Brief at 23. However, Mazur testified that he did not know of any better way to make the steering joint and that he was sure the particular castle nut would have complied with the generally accepted "state of the art". Record at 250–51. We find the evidence was sufficient to support the giving of the "state of the art" instruction.

Affirmed.

BUCHANAN and CHEZEM, JJ., concur.