**STATE of South Dakota, Plaintiff and Appellant,**

v.

**David BALE, Defendant and Appellee.**

No. 18285.

Supreme Court of South Dakota.

Considered on Briefs Dec. 2, 1993.

Decided Feb. 16, 1994.

Mark Barnett, Atty. Gen., Joan Boos Schueller, Asst. Atty. Gen., Pierre, for plaintiff and appellant.

Robin Zephier, Pennington County Public Defender's Office, Rapid City, for defendant and appellee.

AMUNDSON, Justice.

The State of South Dakota appeals from an order dismissing without prejudice the information filed against David Bale (Bale) on the grounds that the statutory authority and factual background did not constitute the crime of third degree rape (incest). We affirm.

## FACTS

The facts are not in dispute. Between November 1, 1991 through January 1992, Bale engaged in sexual intercourse with his adopted daughter, A.B., who was 19 years of age or older at the time.

The information filed against Bale provided, in part that:

> **BALE** did commit the public offense of **THIRD DEGREE RAPE (ALSO KNOWN AS INCEST)** in that he did then and there accomplish an act of sexual penetration with Jane Doe, a person to whom he was not legally married and with whom he was within a degree of consanguinity within which marriages are by the laws of this State declared void, in violation of SDCL 22–22–1(6) and SDCL 25–1–6.

Bale filed a motion to dismiss the information contending that the legal relationship created by adoption is not covered by SDCL 22–22–1(6) because it is not a relationship of consanguinity. The trial court agreed.

## ISSUE

WHETHER SEXUAL PENETRATION BETWEEN AN ADOPTIVE PARENT AND CHILD CONSTITUTES INCEST?

 Incest is a statutory crime. 2 Charles E. Torcia, Wharton's Criminal Law § 242 (14th ed. 1979). Its definition varies in details under different statutory schemes. 42 C.J.S. *Incest* § 2(a) (1991).

In South Dakota incest is defined as "an act of sexual penetration accomplished with any person[s]" "who are not legally married and who are within degrees of consanguinity within which marriages are by the laws of this state declared void[.]" SDCL 22–22–1(6).

While SDCL 25–1–8 declares bigamous marriages null and void and SDCL 25–1–7 declares marriages between stepparents and stepchildren null and void, SDCL 25–1–6 defines those relationships, including relationships of consanguinity, which render marriages null and void:

> Marriages between parents and children, ancestors and descendants of every degree, and between brothers and sisters of the half as well as the whole blood, and between uncles and nieces, or aunts and nephews, and between cousins of the half

as well as of the whole blood, are null and void from the beginning, whether the relationship is legitimate or illegitimate.

In this case, sexual penetration occurred between Bale and his adopted daughter. Because adoption creates the "legal relation of parent and child" with "all the rights and . . . duties of that relation" SDCL 25–6–16, the State argues that there is a relation by "legal consanguinity" between an adoptive parent and child; consequently, intercourse between the two would constitute incest under SDCL 22–22–1(6). We disagree.

■ Consanguinity is a blood relationship which is either lineal (father/son) or collateral (uncle/nephew). Brian A. Garner, A Dictionary of Modern Legal Usage 142 (1987); Black's Law Dictionary 303 (6th ed, 1990). An adoption statute cannot erase lineal consanguinity and then create a new lineal consanguinity. *Hendry v. State,* 571 So.2d 94 (Fla.App. 2d Dist.1990). "It of course is impossible to nullify by legislative declaration the fact that the biological parents continue to be blood relatives of the child; the link of consanguinity cannot be erased by enactment." *Bohall v. State,* 546 N.E.2d 1214, 1215 (Ind.1989).

■ Statutes of other states extend the crime of incest to sexual relations between relatives by affinity, relatives by adoption and relatives by consanguinity. *Ex parte Bourne,* 300 Mich. 398, 2 N.W.2d 439 (1942). *See* Model Penal Code § 230.2 (Proposed Official Draft 1962). In South Dakota, however, SDCL 22–22–1(6) specifically limits the crime of incest to sexual penetration between those related by consanguinity. The legislature could have easily prohibited sexual relations between relatives by affinity and by adoption, but did not do so. SDCL 22–22–1(6). This Court will not enlarge a statute beyond its face where the statutory terms are clear and unambiguous in meaning. *State v. Fryer,* 496 N.W.2d 54 (S.D.1993). Consequently, the information did not describe a public offense and was properly dismissed pursuant to SDCL 23A–8–2.

Affirmed.

MILLER, C.J., and HENDERSON, and SABERS, JJ., concur.

WUEST, J., concurs in result.

HENDERSON, Justice (concurring).

Under SDCL 23A–8–2(5), based upon a motion of a defendant, a trial court must dismiss an Information when it does not describe a public offense.

Instanter, the facts are not in dispute: A.B. was the adopted daughter of defendant. State does not take issue with that fact. Therefore, the trial court's decision focused on this issue: Under the undisputed facts, was a public offense described?

In deciding the above issue under SDCL 23A–8–2(5), the trial court, following *State v. Fryer,* 496 N.W.2d 54 (S.D.1993), expressed:

*The charging statute uses the term "within the degrees of consanguinity". The legislative use of the word consanguinity is controlling. The statute requires a blood relationship.* The legislature could have just as easily used the word affinity, thereby prohibiting the relationship through marriage as in this case. "Words used by the legislature are presumed to convey their ordinary and popular meaning. This court will not enlarge a statute beyond its fact where the statutory terms are clear and unambiguous in meaning". (citation omitted). Therefore, Defendant's motion to dismiss is granted. (Emphasis supplied mine.)

Both the State and Fryer advanced administrative and public policy considerations in *Fryer.* We rejected these arguments:

These considerations were or should have been considered by the legislature when it adopted the statute. Since the statute is not ambiguous, this Court does not need to delve into the public policy considerations.

To a certain extent, State seems to argue that this Court should interpret the statute based on what this Court thinks would be the best public policy. This would clearly be an infringement on the province of the legislature.

*Fryer,* 496 N.W.2d at 55, fn 2.

It is not for the Supreme Court of South Dakota to *define* criminal conduct—that is

within the province of the State Legislature. In this case, the terms "affinity" and "adoption" are not included in the incest statutes of SDCL §§ 22–22–1(6) and 25–1–6. Employing legal analysis, the State has simply failed to show that the State Legislature intended to use these terms, or the specific term "consanguinity" in a manner different than its ordinary and popular meaning. *See Fryer,* 496 N.W.2d at 56.

Therefore, I fully concur in the majority opinion.

WUEST, Justice (concurring in result).

The grounds for dismissal of an indictment or information on motion are contained in SDCL 23A–8–2.* These are the exclusive grounds for dismissal. *State v. Hoekstra,* 286 N.W.2d 127, 128 (S.D.1979). The trial court, in its order of dismissal, did not cite the statute or state the specific ground for dismissal. It appears, however, that the court agreed with Bale's argument "that the statutory authority and factual background do not constitute a crime" as was alleged in the information charging Bale with third-degree rape (incest). Thus, the court apparently considered the facts of the case in making its decision to dismiss. We have held that "the trial court cannot inquire into the legality or sufficiency of the evidence upon which an indictment is based when considering a dismissal under SDCL 23A–8–2." *State v. Schladweiler,* 436 N.W.2d 851, 854 (S.D.1989) (citing *Hoekstra,* 286 N.W.2d at 127). We have explained the reason for this rule:

> [The U.S. Supreme Court has] held that neither the Fifth Amendment nor justice and the concept of a fair trial requires indictments to be open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury. If indictments were held open to challenge on such grounds, interminable delay could result. The result of such a rule, said the Court, would be that before a trial on the merits, a defendant could insist on a preliminary trial to determine the competency and adequacy of the evidence before the grand jury, something not required by the Fifth Amendment. An indictment returned by a legally constituted and unbiased grand jury, *like an information drawn by the prosecutor,* if valid on its face, is enough to call for trial of the charge on the merits.

*Hoekstra,* 286 N.W.2d at 128 (citing *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956) (emphasis added)).

The record shows that when Bale filed the motion for dismissal, no statute was cited as the basis for that motion. The motion was accompanied by a lengthy brief, discussing the facts and legal issues surrounding consanguinity, affinity, and adoption. The State filed a memorandum of law in opposition to Bale's motion to dismiss the information, but did not cite SDCL 23A–8–2, or allege that the trial court was without authority to dismiss. Rather, the State replied to Bale's legal arguments regarding the facts and applicability of the statutes under which Bale was charged, *i.e.,* issues of parent and child relationships, consanguinity, affinity, and the like. Thus, *at no time prior to this appeal* was the trial court's authority to dismiss challenged. Because of the State's failure to make this challenge at the lower court level, thereby allowing the trial judge to rule on this issue, it is deemed waived. *Hepper v. Triple U Enter., Inc.,* 388 N.W.2d 525, 527 n.

---

* SDCL 23A–8–2 (1988). The statute provides in pertinent part:

Upon motion of a defendant made pursuant to subdivision (1), (2) or (3) of § 23A–8–3, the court must dismiss an indictment or information in any of the following cases:

(1) When it is not found, endorsed, and presented or filed as prescribed by this title;

(2) When the names of the witnesses are not inserted at the foot of the indictment or information or endorsed thereon;

(3) When it does not substantially conform to the requirements of this title;

(4) When more than one offense is charged in a single count;

(5) When it does not describe a public offense;

(6) When it contains matter which, if true, would constitute a legal justification or excuse of the *offense* charged, or other bar to the prosecution;

. . . .

(9) When a defendant charged by information did not have or waive a preliminary hearing before the information was filed.

*Id.*

3 (S.D.1986) (refusing to rule on an issue that was not specifically presented to the trial court); *Johnson v. John Deere Co.,* 306 N.W.2d 231, 239 (S.D.1981) ("Objections must be made to the trial court to allow it to correct its mistakes."). Had this issue been raised before the trial court, I would vote to reverse. Under these circumstances, however, I concur in the result.