**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Charles M. BINGEN, Defendant and Appellee.**

**No. 13637.**

Supreme Court of South Dakota.

Submitted on Briefs Sept. 7, 1982.

Decided Nov. 10, 1982.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, Arthur L. Rusch, Clay County State's Atty., Vermillion, on the brief.

Edwin E. Evans of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellee.

WOLLMAN, Justice.

The State appeals from an order dismissing a count of an indictment which charges defendant with false reporting to authorities (SDCL 22–11–9).* That count of the indictment states:

* SDCL 22–11–9 provides:
   Any person who:

.     .     .     .     .     .

(3) Makes a report or intentionally causes the transmission of a report to law enforce-

That on or about the 22nd day of May, 1981, in the County of Clay and State of South Dakota, Charles M. Bingen did commit the public offense of False Reporting to Authorities contrary to SDCL 22–11–9, in that he did then and there and unlawfully make a report to law enforcement authorities, namely, Vermillion Police Officer Dennis Nelson, which furnished information relating to an offense, namely, to the offense of grand theft of a trailer, which information was to the effect that he had purchased said trailer from Dave Heinrich for twenty dollars ($20) when he knew that such information was false ...

The trial court concluded from the testimony presented at a suppression hearing that the evidence did not support the indictment inasmuch as the information furnished by defendant to the police did not constitute a false report within the meaning of SDCL 22–11–9(3). We conclude that the trial court erred in addressing this issue.

The grounds for dismissing an indictment are set forth in SDCL 23A–8–2. The indictment in question does not appear vulnerable under any of the grounds contained in the statute.

■ To be sufficient an indictment must (1) contain the elements of the offense charged and fairly inform the defendant of the charge against him, and (2) enable him to plead an acquittal of conviction in bar of future prosecutions for the same offense. *United States v. Bailey,* 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980); *Russell v. United States,* 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). An indictment is generally sufficient if it employs the language of the statute or its equivalent. See *State v. Lange,* 82 S.D. 666, 152 N.W.2d 635 (1967) (sufficiency of information). The indictment in this case employs the equivalent of the language of SDCL 22–11–9 and meets the above requirements for sufficiency of an indictment.

ment authorities which furnishes information relating to an offense or other incident within

We express no opinion on the trial court's interpretation of SDCL 22–11–9(3).

The order dismissing the indictment is reversed, and the case is remanded to the circuit court for further proceedings.

All the Justices concur.

their official concern, when he knows that such information is false;

is guilty of false reporting to authorities. . . .