**STATE of South Dakota, Plaintiff and Appellant,**

**v.**

**James E. SCHLADWEILER and David Schladweiler, Defendants and Appellees.**

**No. 16223.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 12, 1988.

Decided March 1, 1989.

Douglas N. Papendick, Davison County State's Atty., Mitchell, for plaintiff and appellant.

Rick Johnson of Johnson, Eklund & Davis, Gregory, for defendant and appellee James E. Schladweiler.

Chris A. Nipe of Bridgman, Larson & Nipe, Mitchell, for defendant and appellee David Schladweiler.

MILLER, Justice.

In this case, the State of South Dakota appeals the circuit court's dismissal of an indictment with prejudice. We hold (1) that the trial court did not abuse its discretion in denying State a continuance in order to prepare for defense pretrial motions and (2) that the trial court erred in dismissing the indictment with prejudice. We affirm in part, reverse in part, and remand.

## FACTS

Appellees James E. Schladweiler and David Schladweiler (Schladweilers) took a truck into Dick's Body Shop in Mitchell, South Dakota, for repair work. The repairs were made and the total amount due and owing to the body shop was $6,029.70. Schladweilers later went to the body shop in order to pick up the repaired truck and spoke to the manager concerning arrangements for payment. James Schladweiler showed the manager a check from U.S. Insurance Group made payable to Dick's Body Shop and Schladweilers in the amount of $6,091.71.[1] Schladweilers requested that the manager endorse the insurance check and return it to them; in exchange, Schladweilers would give the body shop a check from Schladweilers' business account for the amount of the repairs ($6,029.70). The manager explained that he did not desire to do this as it was the body shop's normal procedure to keep and deposit insurance checks. However, after further conversation, Schladweilers persuaded the manager to endorse the insurance check in exchange for a check drawn upon Schladweilers' business account. Schladweilers then handed the manager a check from their business account which was signed only by David Schladweiler. The manager noticed that there were two signature lines on the check and inquired as to whether two signatures were necessary to negotiate the instrument. James Schladweiler replied that two signatures were not required and stated that the check would be honored by Schladweilers' bank. The manager accepted the check and returned their truck to them. The check was returned by the bank to Dick's Body Shop unpaid because two signatures were required. The record does not indicate whether any informal steps were taken to collect on Schladweilers' check prior to a complaint being lodged with law enforcement authorities.

On August 17, 1987, Schladweilers were indicted for grand theft in violation of SDCL 22–30A–1.[2] Schladweilers were arraigned, a trial date was set with a pretrial motions hearing scheduled to begin thirty minutes prior to trial.

On the morning of trial, at the pretrial motions hearing, State received copies of various defense motions including a motion for directed acquittal by David Schladweiler. The court heard argument from counsel for each of the Schladweilers concerning their respective motions and from State concerning its resistance thereto. During the hearing, the focus of the arguments shifted from the propriety of Schladweilers' motions and instead turned to whether State had sufficient evidence to prove specifically that Dick's Body Shop had an irrevocable interest in the insurance check which was made payable jointly to the body shop and Schladweilers. The court indicated that if State could not prove that the body shop had such an interest, then State would be unable to make out a prima facie case of theft.

After hearing the court's position, State moved for a continuance so that it could contact someone from the insurance company. The court noted that a panel of prospective jurors was waiting in the courtroom and indicated that it did not believe State was entitled to a continuance. State then moved for dismissal without prejudice. The court, after synopsizing what it believed to be State's theory of the case, indicated that, with its understanding of how the evidence would be presented, State's case would fail as a matter of law. State again moved for a continuance, which Schladweilers resisted, and the court denied the motion. State again moved for dismissal without prejudice, Schladweilers resisted, and the court ultimately denied the motion. State then indicated that it was not in a position to proceed, to which

**1.** U.S. Insurance Group issued the check pursuant to a policy between it and its insured, who was the driver of the other vehicle which collided with Schladweilers' truck.

**2.** SDCL 22–30A–1 provides: "Any person who takes, or exercises control over, property of another with intent to deprive him of it, is guilty of theft." Under SDCL 22–30A–17, theft is grand theft if the value of the property stolen exceeds $200.00. Grand theft is a Class 4 felony.

the court replied that it would dismiss the case with prejudice. State again moved for a continuance, which the court denied. State then resisted the court's plan to dismiss the case with prejudice, and noted that State could not proceed with the case. The court reiterated its position that unless State proceeded to immediately prosecute the case, it would dismiss the indictment with prejudice. State, after a short recess, argued that it did not have proper notice of the *motion to dismiss* filed by Schladweilers and that State could not proceed until it had the opportunity to research Schladweilers' motions. The court noted that it would not grant Schladweilers' motion to dismiss, and stated that it would commence with the selection of the jury. State refused to continue with prosecution of the case at that time, and the court dismissed the indictment with prejudice.

## DECISION

### I

### WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING STATE A CONTINUANCE.

State first contends that the trial court abused its discretion in denying its motion for a continuance so that State could prepare its response to the motions filed by Schladweilers on the morning of trial. State argues that the untimely service of the motions and supporting briefs did not afford State any opportunity to review, research and effectively argue against the motions for dismissal.

Under our standard, the granting or refusing of a motion for a continuance is ordinarily within the sound judicial discretion of the trial court, and its ruling will not be reversed unless there has been a clear abuse thereof. *See State v. Smith,*

325 N.W.2d 304 (S.D.1982); *State v. DuBray,* 298 N.W.2d 811 (S.D.1980); *State v. Hickey,* 287 N.W.2d 502 (S.D.1980); *State v. Lohnes,* 266 N.W.2d 109 (S.D.1978); *State v. Pickering,* 245 N.W.2d 634 (S.D. 1976); *State v. Barcley,* 88 S.D. 584, 225 N.W.2d 875 (1975).

■ Here, we note that Schladweilers' motions were denied by the trial court as untimely. Because Schladweilers' motions were denied, we do not find that the trial court abused its discretion in also denying State's motion for a continuance in order to prepare arguments in resistance to Schladweilers' failed motions. *See Smith, supra; DuBray, supra.*

### II

### WHETHER THE TRIAL COURT ERRED IN DISMISSING THE INDICTMENT WITH PREJUDICE PRIOR TO JURY SELECTION.

State next asserts that it was entitled to have the indictment against Schladweilers dismissed without prejudice prior to the selection of the jury and that the trial court erred in dismissing the indictment with prejudice. We agree.

SDCL 23A–44–2 provides:

A prosecuting attorney may file a dismissal of an indictment, information or complaint and the prosecution thereupon shall terminate. Such a dismissal may not be filed during a trial without the consent of the defendant.

SDCL 23A–44–5 provides that *such dismissal is not a bar* to another prosecution for the same offense.

■ SDCL 23A–8–2 provides the grounds under which an indictment or an information may, upon defense motion, be dismissed.[3] As was the case in *State v.*

---

3. SDCL 23A–8–2 provides:
   Upon motion of a defendant made pursuant to subdivision (1), (2) or (3) of § 23A–8–3, the court must dismiss an indictment or information in any of the following cases:
   (1) When it is not found, endorsed, and presented or filed as prescribed by this title;
   (2) When the *names of the witnesses* are not inserted at the foot of the indictment or information or endorsed thereon;

   (3) When it does not substantially conform to the requirements of this title;
   (4) When more than one offense is charged in a single count;
   (5) When it does not describe a public offense;
   (6) When it contains a matter which, if true, would constitute a legal justification or excuse of the offense charged, or other bar to the prosecution;

*Bingen,* 326 N.W.2d 99 (S.D.1982), it does not appear that the indictment here was vulnerable under any of the grounds contained in the statute. From the record, it appears that the trial court dismissed the case because State would not proceed with its prosecution. State's refusal to proceed was totally based upon the trial court's belief that the evidence would be insufficient, and the trial court's denial of State's motions for a continuance or to dismiss without prejudice. As we stated in *State v. Hoekstra,* 286 N.W.2d 127 (S.D.1979), the trial court cannot inquire into the legality or sufficiency of the evidence upon which an indictment is based when considering a dismissal under SDCL 23A–8–2.

We also note that jeopardy had not attached to the prosecution of Schladweilers as the jury had not yet been impaneled and sworn. It is well settled that jeopardy attaches when a trial commences, and in a jury case, that occurs when the jury is impaneled and sworn. *See Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963). *See also State v. Standing Soldier,* 299 N.W.2d 568 (S.D.1980).

It appears that State, under SDCL 23A–44–2 *and* 23A–44–5, was entitled to have the indictment dismissed *without prejudice.* We note that no formal, written dismissal was filed, but that is excusable under these circumstances. Given these facts, we conclude that the trial court erred in ordering a dismissal with prejudice.

We are sensitive to and appreciate the important need and desirability of trial courts to manage their calendars and cases so that all persons affected are not inconvenienced and litigation can be promptly disposed of. Trial courts cannot tolerate last minute pretrial motions or prosecutorial refusal to proceed. To allow such activities would hamper and/or stifle the judicial process. However, under the unique circumstances here, coupled with the strong position taken by the trial court in expressing views on the evidentiary considerations, the prosecutor was left with no alternative but to attempt to dismiss the charges under SDCL 23A–44–2.

The decision of the circuit court is affirmed in part, reversed in part, and remanded.[4]

All the Justices concur.

(7) When the grand jury which filed the indictment had no legal authority to inquire into the offense because it was not within the jurisdiction of the grand jury or because the court was without jurisdiction of the offense charged;

(8) When a person was permitted to be present during the session of the grand jury while the charge embraced in the indictment was under consideration, except as provided in § 23A–5–11; or

(9) When a defendant charged by information did not have or waive a preliminary hearing before the information was filed.

4. By notice of review, James Schladweiler argues in his brief that this court is without jurisdiction to hear this case because State's notice of appeal was untimely. Under SDCL 23A–32–6, the prosecution in a criminal case must appeal within ten days after written notice of entry of a judgment or order. The trial court entered a written order of dismissal which was filed on February 22, 1988. Schladweilers did not serve State with any notice of an entry of an order as appears to be contemplated by SDCL 23A–32–6. State's notice of appeal was dated March 18, 1988, in excess of the ten days' limit. State correctly argues that this court considered and denied Schladweilers' motions to dismiss the appeal on July 21, 1988. Thus, Schladweilers' argument concerning this court's appellate jurisdiction is without merit.