1997 SD 128

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Debra Fay SPRINGER–ERTL, Defendant and Appellee.**

**No. 19913.**

Supreme Court of South Dakota.

Nov. 5, 1997.

Mark Barnett, Attorney General, Craig M. Eichstadt, Deputy Attorney General, Pierre, for plaintiff and appellant.

James D. Leach of Viken, Viken, Pechota, Leach & Dewell, Rapid City, for defendant and appellee.

SABERS, Justice

[¶ 1.] The circuit court judge, sitting as a committing magistrate at preliminary hearing, found probable cause to bind the defendant over for trial on charges of attempting to influence jurors. Approximately one month later, the circuit court judge concluded there was no probable cause and dismissed the information. State appeals, claiming lack of probable cause is not appropriate grounds for dismissal. We reverse and remand for trial.

## FACTS

[¶ 2.] Shawn Springer was scheduled to be tried for robbery, kidnapping, and murder in Bennett County on August 5, 1996. The charges stemmed from the killing of Pierre taxi driver Michael Hare near Fort Pierre, Stanley County.[1] Approximately two weeks prior to his trial, Springer's mother, Debra Springer–Ertl (Debra) traveled to the town of Martin in Bennett County with her husband and another son. They approached a number of businesses in Martin, asking them to display a poster printed with the banner "INNOCENT!!", Shawn's photograph, and the following message:

> **Shawn Springer** is accused in the murder, kidnapping and robbery of Michael Hare, a Pierre taxicab driver.

---

**1.** Springer and Paul Jensen were both charged with robbery, kidnapping, and murder. Due to extensive pre-trial publicity, venue for Springer's trial was changed to Bennett County. The trial never transpired because Springer entered into a plea bargain with the State and testified against Jensen. Jensen was convicted by a Minnehaha County jury and his conviction is on appeal to this court.

Shawn took a **Polygraph** (lie detector test) and this **proved** he knew nothing beforehand of the events that took place that night, or that he took part. The court **will not** allow this evidence into trial. The people of South Dakota must know, an innocent young man is being **persecuted**. **Shawn's** trial starts **August 5th, 1996.**

(Emphasis in original). Apparently, most of the businesses displayed the signs.

[¶ 3.] Debra was charged with the crime of attempting to influence jurors, a Class 6 felony which is punishable by a maximum of two years imprisonment in the state penitentiary or a fine of two thousand dollars, or both. SDCL 22–11–16; 22–6–1(8). After determining there was probable cause to believe that Debra committed that crime, she was bound over for trial in circuit court and promptly arraigned. A motions hearing was held approximately one month later, where the same judge, upon reconsideration, dismissed the information for lack of probable cause. State appeals.

### STANDARD OF REVIEW

[¶ 4.] This appeal requires us to construe SDCL 23A–8–2, which provides the grounds for dismissal of an information. The construction of that statute and its application to these facts present questions of law, which we review de novo. *Kern v. City of Sioux Falls*, 1997 SD 19, ¶ 4, 560 N.W.2d 236, 237 (citing *Johnson v. Rapid City Softball Ass'n*, 514 N.W.2d 693, 695 (S.D.1994)).

### [¶ 5.] WHETHER A FINDING OF NO PROBABLE CAUSE CONSTITUTES GROUNDS FOR DISMISSAL OF AN INFORMATION.

[¶ 6.] This case is controlled by SDCL 23A–8–2, which provides nine grounds under which an indictment or information may be dismissed by the circuit court[2] on motion of defendant:

(1) When it is not found, endorsed, and presented or filed as prescribed by this title;

(2) When the names of the witnesses are not inserted at the foot of the indictment or information or endorsed thereon;

(3) When it does not substantially conform to the requirements of this title;

(4) When more than one offense is charged in a single count;

(5) When it does not describe a public offense;

(6) When it contains matter which, if true, would constitute a legal justification or excuse of the offense charged, or other bar to the prosecution;

(7) When the grand jury which filed the indictment had no legal authority to inquire into the offense charged because it was not within the jurisdiction of the grand jury or because the court was without jurisdiction of the offense charged;

(8) When a person was permitted to be present during the session of the grand jury while the charge embraced in the indictment was under consideration, except as provided in § 23A–5–11; or

(9) When a defendant charged by information did not have or waive a preliminary hearing before the information was filed.

[¶ 7.] Here, the circuit court's order dismissing the information states:

The Court has reconsidered its ruling made at the conclusion of the preliminary hearing and upon such reconsideration finds there is no probable cause to believe that Defendant committed the offenses charged, therefore the charges against Defendant are dismissed.

A circuit court's conclusion that there is no probable cause is not one of the statutory grounds for dismissal. Additionally, the information filed in this case does not fail under any of the above statutory grounds. Therefore, the dismissal was improperly granted. *See State v. Dorhout*, 513 N.W.2d 390, 391–92 (S.D.1994). This court has con-

---

**2.** The State frames the issue as whether the circuit court had jurisdiction to dismiss the information. Clearly, the circuit court has juris- diction to do so; however, as discussed *infra*, dismissal is limited to the grounds provided by SDCL 23A–8–2.

sistently ruled that these statutory grounds are "exclusive." *See id.;* State v. Hoekstra, 286 N.W.2d 127, 128 (S.D.1979); State v. Reggio, 84 S.D. 687, 690, 176 N.W.2d 62, 64 (1970).

[¶ 8.] In *Dorhout,* the circuit court dismissed an indictment without specifying the statutory basis upon which the motion was granted. We stated that "[b]ecause these statutory grounds are exclusive, and the indictment in question does not appear vulnerable under any of the grounds contained in the statute, the trial court's order dismissing the indictment could be reversed for this reason alone." 513 N.W.2d at 392 (citation & internal quotation omitted). Furthermore, "the trial court cannot inquire into the legality or sufficiency of the evidence upon which an indictment is based when considering a dismissal under SDCL 23A–8–2." [3] *Id.* (citations omitted); *accord State v.*

*Schladweiler,* 436 N.W.2d 851, 854 (S.D. 1989); *State v. Bingen,* 326 N.W.2d 99, 100 (S.D.1982); *see also Hoekstra,* 286 N.W.2d at 128 ("[A]n information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits.") (citing *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956)). Accordingly, we reverse and remand for a trial on the merits.

[¶ 9.] MILLER, C.J., and AMUNDSON, KONENKAMP, and GILBERTSON, JJ., concur.

---

**3.** Debra argues that it was appropriate for the circuit court to determine there was no probable cause since it was its own decision which it was overturning. We disagree. At the preliminary hearing stage, the circuit court judge was acting as a "committing magistrate." A "committing magistrate" is defined as any of the following persons:

    (a) a justice of the Supreme Court;
    (b) a judge of the circuit court;
    (c) a magistrate judge;
    (d) a non-law trained magistrate when acting within the authority conferred by § 16–12A–13 or 16–12A–14[.]

SDCL 23A–45–9(3) (1988 & Supp.). "[A]nyone authorized by South Dakota law to sit as a committing magistrate sits solely as a committing magistrate when doing so." *State v. Horst,* 504 N.W.2d 862, 863 (S.D.1993) (citing *Janklow v. Keller,* 90 S.D. 168, 170–71, 238 N.W.2d 688, 690 (1976) ("Whatever else his or her qualifications for office, whoever sits as a committing magistrate is sitting solely as a committing mag-

istrate and we see no distinction in this regard among any of the possible persons authorized to exercise this very limited function.")). SDCL 23A–8–2 provides the grounds upon which a *court* may dismiss an information; a "committing magistrate" is not a court. See *Horst,* 504 N.W.2d at 863 ("A committing magistrate ... is not a court and does not exercise judicial power in any strict sense."). In fact, the committing magistrate is not even permitted to entertain certain evidentiary objections and motions at the preliminary hearing. See SDCL 23A–4–6, which provides in relevant part:

    The rules of evidence shall apply, except that an objection to evidence on the ground that it was acquired by unlawful means is not properly made at the preliminary hearing. Motions to suppress such evidence must be made to the trial court.

    Here, at the time of the motions hearing where she "changed her mind," she was a circuit court judge, without authority to dismiss the information on grounds other than those provided by SDCL 23A–8–2.