1999 SD 70

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Eric J. CAMERON, Defendant and Appellee.**

**No. 20652.**

Supreme Court of South Dakota.

Argued March 24, 1999.

Decided June 16, 1999.

50

Mark Barnett, Attorney General, Craig M. Eichstadt, Deputy Attorney General, Pierre, for plaintiff and appellant.

Gregory T. Brewers of Frieberg, Rudolph & Nelson, Beresford, for defendant and appellee.

AMUNDSON, Justice.

[¶ 1.] State appeals trial court's order dismissing with prejudice an indictment charging Eric J. Cameron with hit and run resulting in death or injury in violation of SDCL 32–34–3 and 32–34–5, a Class 6 felony. We reverse and remand.

## FACTS

[¶ 2.] On April 5, 1998, Cameron's vehicle was involved in a one-vehicle accident. Cameron lost control of his vehicle when he attempted to exit Interstate Highway 29 to North Sioux City. The vehicle rolled multiple times. At the time of the accident, there were two passengers in Cameron's vehicle. Once the vehicle came to rest, Cameron abandoned the vehicle and his injured passengers and fled the scene of the accident.

[¶ 3.] Both parties stipulated that the accident involved one vehicle, there were no pedestrians involved, and that the two passengers were severely injured.

[¶ 4.] Cameron was indicted by a grand jury. The indictment stated:

> That on or about the 5th day of April, 1998, in the County of Union, South Dakota, Eric J. Cameron did commit the public offense of HIT AND RUN RESULTING IN DEATH OR INJURY contrary to SDCL 32–34–5 and SDCL 32–34–3, in that the defendant was involved in an accident resulting in injury or death to any person, who fails to immediately stop such vehicle at the scene of such accident and comply with the provisions of SDCL 32–34–3, and for that reason is guilty of a Class 6 felony, contrary to statute in such case made and provided against the peace and dignity of the State of South Dakota.

[¶ 5.] The trial court dismissed the indictment with prejudice on the grounds that the statute Cameron was charged under is inapplicable to an accident involving only one vehicle and no pedestrians. The court determined, as a matter of law, that SDCL 32–34–5 and 32–34–3 apply to accidents involving either two vehicles, or one vehicle and at least one pedestrian.

[¶ 6.] State appeals, raising the following issues:

1. Whether the circuit court had authority to dismiss the indictment based on either its interpretation of the statute or on its belief that the State could not present sufficient evidence; in the alternative, whether the court had authority to dismiss the case with prejudice.

2. Whether the circuit court erred in holding that, pursuant to SDCL 32–34–3, a driver of a vehicle involved in a singlecar accident has no duty to render reasonable assistance to persons injured in such an accident, instead that obligation arises only when a second car or a pedestrian is involved in the accident.

## STANDARD OF REVIEW

[¶ 7.] Whether the trial court had authority under SDCL 23A–8–2 to dismiss an indictment presents a question of law, which we review de novo. *State v. Springer–Ertl,* 1997 SD 128, ¶ 4, 570 N.W.2d 39, 40; *Kern v. City of Sioux Falls,* 1997 SD 19, ¶ 4, 560 N.W.2d 236, 237; *Johnson v. Rapid City Softball Ass'n,* 514 N.W.2d 693, 695 (S.D.1994). Likewise, questions involving statutory construction are reviewed de novo. *West Two Rivers Ranch v. Pennington County,* 1996 SD 70, ¶ 6, 549 N.W.2d 683, 685; *Johnson,* 514 N.W.2d at 695.

## DECISION

[¶ 8.] **1. Whether trial court had authority to dismiss indictment.**

[¶ 9.] SDCL 23A–8–2 provides nine grounds for the dismissal of an indictment or information:

(1) When it is not found, endorsed and presented or filed as prescribed by this title;

(2) When the names of the witnesses are not inserted at the foot of the

indictment or information or endorsed thereon;

(3) When it does not substantially conform to the requirements of this title;

(4) When more than one offense is charged in a single count;

(5) When it does not describe a public offense;

(6) When it contains matter which, if true, would constitute a legal justification or excuse of the offense charged, or other bar to the prosecution;

(7) When the grand jury which filed the indictment had no legal authority to inquire into the offense charged because it was not within the jurisdiction of the grand jury or because the court was without jurisdiction of the offense charged;

(8) When a person was permitted to be present during the session of the grand jury while the charge embraced in the indictment was under consideration, except as provided in § 23A–5–11; or

(9) When a defendant charged by information did not have or waive a preliminary hearing before the information was filed.

[¶ 10.] The circuit court dismissed the indictment without specifying the statutory basis upon which the motion was granted. This Court has previously stated that, "[b]ecause these statutory grounds are exclusive" where the circuit court dismisses an indictment without specifying the statutory basis upon which the motion was granted, the order dismissing the indictment is reversible. *Springer–Ertl,* 1997 SD 128, ¶ 8, 570 N.W.2d at 41; *State v. Dorhout,* 513 N.W.2d 390, 392 (S.D.1994) (citing *State v. Bingen,* 326 N.W.2d 99, 100 (S.D.1982)). Consequently, the order is subject to reversal for this reason alone. *Springer–Ertl,* 1997 SD 128, ¶ 8, 570 N.W.2d at 41.

[¶ 11.] Notwithstanding the trial court's failure to specify the statutory basis for dismissing the indictment, the trial court also impermissibly considered the facts of the case in making its decision to dismiss. This Court has held that the trial court cannot "inquire into the legality or sufficiency of the evidence upon which an indictment is based when considering a dismissal under SDCL 23A–8–2." *Springer–Ertl,* 1997 SD 128, ¶ 8, 570 N.W.2d at 41; *State v. Bale,* 512 N.W.2d 164, 167 (S.D.1994) (Wuest, J., concurring in result); *State v. Schladweiler,* 436 N.W.2d 851, 854 (S.D.1989). *See also Bingen,* 326 N.W.2d at 100; *State v. Hoekstra,* 286 N.W.2d 127, 128 (S.D.1979). "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." *Hoekstra,* 286 N.W.2d at 128 (citing *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956)). The trial court impermissibly considered facts upon which the indictment was based to arrive at the conclusion the facts did not constitute the crime charged. Accordingly, we reverse and remand for a trial on the merits.*

[¶ 12.] **2. Whether SDCL 32–34–5 and 32–34–3 apply only to accidents involving two or more vehicles or a vehicle and pedestrian.**

[¶ 13.] The trial court concluded that SDCL 32–34–3 and 32–34–5 apply to accidents which include either two vehicles, or at least one vehicle and one pedestrian; but are inapplicable under the language of the statute to a single-car accident.

[¶ 14.] SDCL 32–34–3 provides:

---

* Even if it was proper, as appellee argues, for the trial court to consider undisputed facts in arriving at its decision, the order is still erroneous given dismissal with prejudice. Dismissal was granted prior to trial, the jury had not been sworn in; thus, no jeopardy had attached. Therefore, dismissal with prejudice was erroneous. *Schladweiler,* 436 N.W.2d at 853–54.

The driver of any vehicle involved in any accident resulting in injury or death to any person or damage to property shall immediately stop and give his name and address, and the name and address of the owner and the license number of the vehicle he is driving to the person struck or the driver or. occupants of any vehicle collided with and shall render to any person injured in such accident reasonable assistance, including the carrying of such person to a physician or surgeon for medical treatment if it is apparent that such treatment is necessary or is requested by the injured person.

[¶ 15.] SDCL 32–34–5 provides:

Any driver of any vehicle involved in an accident resulting in injury or death to any person, who fails immediately to stop such vehicle at the scene of such accident and comply with the provisions of § 32–34–3 is guilty of a Class 6 felony, and the department of revenue shall revoke the registration receipt of the person so convicted.

[¶ 16.] Cameron argues the statutes in question were intended in the hit and run context to apply only to "the person struck or the driver or occupants of any vehicle collided with[.]" State, conversely, argues the statutes apply to any accident, including single-car accidents.

[¶ 17.] The rules of statutory interpretation adopted by this Court state:

The purpose of statutory construction is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed.

*Dahn v. Trownsell,* 1998 SD 36, ¶ 14, 576 N.W.2d 535, 539 (citing *Moss v. Guttormson,* 1996 SD 76, ¶ 10, 551 N.W.2d 14, 17 (citations omitted)).

[¶ 18.] SDCL 32–34–5 provides: "Any driver of any vehicle involved in an accident resulting in injury or death[.]" An "accident" is a "sudden event or change occurring without intent or volition through carelessness, unawareness, ignorance, or a combination of causes and producing an unfortunate result." Webster's New International Dictionary 11 (1976). Blacks Law Dictionary defines "accident" in the popular sense as:

[A] fortuitous circumstance, event, or happening; an event happening without any human agency, or if happening wholly or partly through human agency, an event which under the circumstances is unusual and unexpected by the person to whom it happens; an unusual, fortuitous, unexpected, unforeseen or unlooked for event, happening or occurrence; an unusual or unexpected result attending the operation or performance of a usual or necessary act or event; chance or contingency; fortune; mishap[.]

Blacks Law Dictionary 15 (6thEd 1990). This Court has previously defined the term "accident" in the context of driving under the influence of alcohol as "involving at least one vehicle, which occurs either on a public street or elsewhere." *State v. DuBray,* 298 N.W.2d 811, 814 (S.D.1980) (citation omitted). Employing the rule of statutory construction giving words and phrases their plain meaning and effect, and considering the above definitions, we conclude the term "accident" as employed in SDCL 32–34–3 and 32–34–5 encompasses single-vehicle accidents.

[¶ 19.] We agree with the Supreme Court of Iowa that this conclusion is in accordance with the purpose of such statutes that, " 'it is clear that the legislature intended to protect persons from distress

or danger from additional mutilation and exposure, for want of proper treatment.' " *State v. Carpenter*, 334 N.W.2d 137, 140 (Iowa 1983) (quoting *State v. Sebben*, 185 N.W.2d 771, 774 (Iowa 1971)).

[¶ 20.] In arriving at its determination, the trial court construed the statutes, strictly stating: "I am reading the statutes strictly in finding that it is intended by 32–34–5 not to apply to single-car accident, but to apply to those accidents which involve other vehicles or pedestrians[.]" The trial court erred in construing a penal statute strictly. Instead, "[A]ll penal statutes are to be construed according to the fair import of their terms, with a view to effect their objects and promote justice." SDCL 22–1–1.

[¶ 21.] A fair construction of SDCL 32–34–5 and 32–34–3, which refer to "any accident," necessarily encompasses single-vehicle accidents. This interpretation coincides with the purpose of such statutes to protect persons injured in automobile accidents by having the drivers of such vehicles render reasonable assistance to injured persons. As this Court stated in *DeSmet Ins. of South Dakota v. Gibson:*

> Courts should not enlarge a statute beyond its declaration if its terms are clear and unambiguous. *State v. Fryer*, 496 N.W.2d 54, 55 (S.D.1993). Yet in cases where a literal approach would function-

ally annul the law, the cardinal purpose of statutory construction – ascertaining legislative intent – ought not be limited to simply reading a statute's bare language; we must also reflect upon the purpose of the enactment, the matter sought to be corrected and the goal to be attained. *Sparagon v. Native American Publishers, Inc.*, 1996 SD 3, ¶ 39, 542 N.W.2d 125, 134 (citing *Clementson v. Minnesota Tribune Co.*; 45 Minn. 303, 47 N.W. 781 (1891)); *Elfring v. Paterson*, 66 S.D. 458, 462, 285 N.W. 443, 445 (1939) (quoting *Commonwealth v. Barney*, 115 Ky. 475, 74 S.W. 181, 184 (1903)).

1996 SD 102, ¶ 7, 552 N.W.2d 98, 100. We conclude that the violation of SDCL 32–34–5, a Class 6 felony, encompasses single-car accidents, which result in severe injury or death.

[¶ 22.] Reversed and remanded.

[¶ 23.] MILLER, Chief Justice, SABERS, KONENKAMP, and GILBERTSON, Justices, concur.