2001 SD 129

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Robert William BLAKEY, Jr., Defendant and Appellee.**

**No. 21790.**

Supreme Court of South Dakota.

Considered on Briefs Aug. 28, 2001.

Decided Oct. 31, 2001.

Mark Barnett, Attorney General, John M. Strohman, Assistant Attorney General,

Pierre, South Dakota, Attorneys for plaintiff and appellant.

Jerry Pollard of Kabeiseman & Pollard, Yankton, South Dakota, Attorneys for defendant and appellee.

## PER CURIAM.

[¶ 1.] The State appeals the dismissal of an indictment charging Robert Blakey Jr. with one count of possession of a controlled substance. We reverse and remand.

## FACTS

[¶ 2.] Blakey was arrested for a parole violation for driving with a revoked license. He was taken to jail for the offense and his parole officer was contacted. The parole officer ordered that a urinalysis be conducted and Blakey tested positive for the presence of methamphetamine in his system. Based upon the result of the urinalysis, a grand jury indicted Blakey for one count of possession of a controlled substance. Prior to trial, Blakey's counsel filed a motion to dismiss the indictment on the basis that it was predicated solely on the urinalysis and that there was "no probative corroborating evidence" to support a conviction. A hearing on the motion was held on November 14, 2000 and Blakey's counsel and the State entered into a stipulation concerning the foregoing facts. After the hearing, the circuit court entered findings of fact and conclusions of law determining "[t]hat the mere presence[ ] of a controlled substance in the urine when [taken] alone, does not rise to a prima facie case of unauthorized possession of a controlled substance (SDCL 22–42–5)." Based upon that determination, the circuit court entered an order dismissing the indictment. The State appeals pursuant to SDCL 23A–32–4:

> An appeal by a prosecuting attorney in a criminal case may be taken to the Supreme Court, as a matter of right, from a judgment, or order of a circuit court sustaining a motion to dismiss an indictment or information on statutory grounds or otherwise[.]

## ISSUE ONE

[¶ 3.] **Did the circuit court have authority to dismiss the indictment for insufficiency of the evidence?**

[¶ 4.] As its first issue, the State argues the circuit court lacked authority to dismiss the indictment because insufficiency of the evidence is not grounds for pretrial dismissal of an indictment under SDCL 23A–8–2:

> Upon motion of a defendant made pursuant to subdivision 23A–8–3 (1), (2) or (3), the court must dismiss an indictment or information in any of the following cases:
>
> (1) When it is not found, endorsed, and presented or filed as prescribed by this title;
>
> (2) When the names of the witnesses are not inserted at the foot of the indictment or information or endorsed thereon;
>
> (3) When it does not substantially conform to the requirements of this title;
>
> (4) When more than one offense is charged in a single count;
>
> (5) When it does not describe a public offense;
>
> (6) When it contains matter which, if true, would constitute a legal justification or excuse of the offense charged, or other bar to the prosecution;
>
> (7) When the grand jury which filed the indictment had no legal authority to inquire into the offense charged because it was not within the jurisdiction of the grand jury or because the court was

without jurisdiction of the offense charged;·

(8) When a person was permitted to be present during the session of the grand jury while the charge embraced in the indictment was under consideration, except as provided in § 23A–5–11; or

(9) When a defendant charged by information did not have or waive a preliminary hearing before the information was filed.

■ [¶ 5.] "Whether the [circuit] court had authority under SDCL 23A–8–2 to dismiss an indictment presents a question of law, which we review de novo." *State v. Cameron,* 1999 SD 70, ¶ 7, 596 N.W.2d 49, 51. The circuit court's lack of authority to dismiss in this case is settled by *Cameron, supra.* In *Cameron,* the defendant was indicted for a hit and run resulting in injury. Before trial, the circuit court dismissed the indictment with prejudice on the basis of its interpretation of the statute under which the defendant was charged as applied to the pertinent facts of the case. This Court reversed holding:

> The circuit court dismissed the indictment without specifying the statutory basis upon which the motion was granted. This Court has previously stated that, "[b]ecause these statutory grounds are exclusive" where the circuit court dismisses an indictment without specifying the statutory basis upon which the motion was granted, the order dismissing the indictment is reversible. Consequently, the order is subject to reversal for this reason alone.
>
> Notwithstanding the trial court's failure to specify the statutory basis for dismissing the indictment, the trial court also impermissibly considered the facts of the case in making its decision to dismiss. This Court has held that the trial court cannot "inquire into the legality or sufficiency of the evidence upon which an indictment is based when considering a dismissal under SDCL 23A–8–2." "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." The trial court impermissibly considered facts upon which the indictment was based to arrive at the conclusion the facts did not constitute the crime charged. Accordingly, we reverse and remand for a trial on the merits.

*Cameron,* 1999 SD 70 at ¶¶ 10, 11, 596 N.W.2d at 52 (citations omitted).

■ [¶ 6.] Here as well, the circuit court dismissed the indictment without specifying the statutory basis upon which the motion was granted. As in *Cameron,* "the order is subject to reversal for this reason alone." *Id.* Also as in *Cameron,* the circuit court considered the facts upon which the indictment was based to arrive at its conclusion that the facts did not constitute the crime charged. *Id.* This also requires a reversal and a remand for a trial on the merits. *See id.*

■ [¶ 7.] Blakey seeks to avoid the above result by contending his motion to dismiss was raised and granted as a defense, objection or request capable of determination before trial under SDCL 23A–8–3: "Any defense, objection or request which is capable of determination without the trial of the general issue may be raised before trial by motion." However, similar contentions have been rejected under the federal counterpart to SDCL 23A–8–3, Federal Rule of Criminal Procedure 12(b). In *U.S. v. Ayarza–Garcia,* 819 F.2d 1043, 1048 (11th Cir.1987), the U.S. Court of Appeals for the Eleventh Circuit ruled:

> Fed.R.Crim.P. 12(b) provides that "[a]ny defense, objection, or request which is capable of determination without the tri-

al of the general issue may be raised before trial by motion." ... As the language of the rule indicates, when the issue raised involves a question that may not be determined without "trial of the general issue" it is not proper for decision by pretrial motion. The "general issue" has been defined as evidence relevant to the question of guilt or innocence.

It follows that a pretrial motion to dismiss the indictment cannot be based on a sufficiency of the evidence argument because such an argument raises factual questions embraced in the general issue....

... Therefore, because Appellants' ... challenge was a challenge to the sufficiency of the government's evidence which would have involved determination of issues of fact going to the merits of the case, the district court did not err in determining that resolution of the jurisdictional question by pretrial motion to dismiss was not appropriate in this case. *The proper procedure for raising Appellants' challenge to the sufficiency of the government's evidence ... was by a motion for judgment of acquittal under Rule 29 [SDCL 23A–23–1] and not by a pretrial motion to dismiss.* (citations omitted)(emphasis added).

The U.S. Court of Appeals for the Ninth Circuit has similarly reasoned:

[A] Rule 12(b) motion to dismiss is not the proper way to raise a factual defense.... Inasmuch as [the defendant's] arguments before the district court challenged the government's ability to prove that her actions affected commerce, her motion to dismiss amounted to a premature challenge to the sufficiency of the

government's evidence tending to prove a material element of the offense....

\* \* \*

... Reliance on Rule 29 [*i.e.*, a motion for judgment of acquittal] instead of a pretrial motion to dismiss may be less efficient, because Rule 12 serves to help conserve "judicial resources by facilitating the disposition of cases without trial." However, the unavailability of Rule 12 in determination of general issues of guilt or innocence ... helps ensure that the respective provinces of the judge and jury are respected and that the facts are fully developed before disposition of the case.

*U.S. v. Nukida,* 8 F.3d 665, 669–70 (9thCir.1993) (citations omitted).

[¶ 8.] Based upon the foregoing, the circuit court's dismissal of the indictment in this case must be reversed.*

[¶ 9.] Reversed and remanded.

[¶ 10.] SABERS, Acting Chief Justice, and AMUNDSON, KONENKAMP, and GILBERTSON, Justices, participating.

[¶ 11.] MILLER, Retired Chief Justice, was a member of the Court at the time this action was submitted, but was disqualified and did not participate.

---

\* We reserve for a time when it is properly presented the issue of whether this state will follow the majority rule in *State v. Griffin,* 220 Wis.2d 371, 584 N.W.2d 127, 131 (Wis.Ct.

App.1998) that a urinalysis result alone is not sufficient evidence to sustain a conviction for possession of a controlled substance.