MEIERHENRY, Justice
(concurring in result only).
[¶ 40.] I would affirm the trial court and not overrule our prior precedent. We have often commented on the legislature’s power to clarify or correct this Court’s interpretation of legislation. See State v. Schroeder, 2004 SD 21, ¶ 12, 674 N.W.2d 827, 831. Thus, had the legislature not agreed with our prior determinations, it could have clarified its intent over these many years. The cases overruled by the majority were written over forty years ago and closer to the time of the 1939 enactment. Under the doctrine of stare decisis, our prior decisions should stand.
[¶ 41.] In addition, the trial court instructed the jury on the duty imposed by SDCL 31-28-6. In that statute, the legislature mandated that “[t]he public board or officer whose duty it is to repair or maintain any public highway shall erect and maintain at points in conformity with standard uniform traffic control practices on each side of any sharp turn, blind crossing, or other point of danger on such highway, ... a substantial and conspicuous warning sign, which sign shall be on the right-hand side of the highway approaching such point of danger. A violation of this section is a Class 1 misdemeanor.” SDCL 31-28-6.
[¶ 42.] Even if the legislature meant to abrogate a common-law duty, as the majority has determined, the legislature did not absolve public entities of all duty to the public in regard to highways. The legislature clearly indicates in the statute that *911 the public board or officer in charge of repairing or maintaining the public highways “shall erect and maintain ... a substantial and conspicuous” sign warning of sharp turns, hidden and/or other unknown dangers. Id. For the courts to ignore the mandatory nature of the statute and its clearly defined duty is to present a callous disregard of the legislature’s intent to protect the people of this state and others who use the highways and streets.
[¶43.] Likewise, by buying insurance and participating in risk pools, public officials have committed to compensating citizens who are injured because of the public entity’s negligence. See SDCL 21-32A-1. We should acknowledge and affirm the public entity’s decision to pay for the injuries it has caused.