NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AHMAD FAHHAM,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-71680

Agency No. A026-526-984

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 6, 2019
Seattle, Washington

Before:  GOULD and NGUYEN, Circuit Judges, and PRESNELL,** District
Judge.

Ahmad Fahham, a stateless Palestinian who has conceded removability,

petitions for review of a decision by the Board of Immigration Appeals ("BIA")

affirming the denial of his applications for a waiver of inadmissibility, adjustment

of status, cancellation of removal, asylum, withholding of removal, and relief

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The Honorable Gregory A. Presnell, United States District Judge for
the Middle District of Florida, sitting by designation.

under the United Nations Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review questions of law and constitutional claims de novo. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We deny the petition.

1. The basis for the denials of the various applications is Fahham's 1982 conviction, in South Dakota state court, for distribution of psilocybin in violation of South Dakota Codified Laws ("SDCL") § 22-42-2 (1982). The South Dakota court suspended Fahham's sentence of five years at hard labor on the condition that he leave the country within two weeks for at least 18 months. Such a sentence is unconstitutional. *See Dear Wing Jung v. United States*, 312 F.2d 73, 75–76 (9th Cir. 1962) (holding that district court's suspension of sentence on condition that noncitizen defendant leave the United States amounted to banishment and was unconstitutional as cruel and unusual punishment or denial of due process). Based on the unconstitutionality of that aspect of his sentence as well as other (alleged) irregularities in the South Dakota proceedings, Fahham argues that the conviction cannot be considered for immigration purposes. But state criminal convictions cannot be collaterally attacked in deportation proceedings. *Ortega de Robles v. INS*, 58 F.3d 1355, 1358 (9th Cir. 1995). The conviction itself and the lawful

portions of Fahham's sentence[1] were properly considered by the Immigration Judge and the BIA.

2. Fahham also argues that his conviction does not qualify as a "controlled substance offense" for purposes of the Immigration and Nationality Act ("INA") because SDCL § 22-42-2 is overbroad and not divisible. Because of this, the argument continues, the Immigration Judge erred in applying the modified categorical approach to determine that Fahham was convicted of distributing psilocybin. *See Medina-Lara v. Holder*, 771 F.3d 1106, 1111–13 (9th Cir. 2014) (describing three-step process for determining whether prior state law conviction qualifies as a predicate controlled substance offense under the INA).

In addition, Fahham argues that SDCL § 22-42-2 was overbroad at the time of his conviction based on a 2001 amendment to SDCL § 22-42-1(1), which defined the term "controlled drug or substance." Prior to the amendment, "controlled drug or substance" was defined as a drug or substance (or its immediate precursor) listed on the relevant drug schedules. After the amendment, the definition also included "an altered state" of a drug or substance listed on the relevant drug schedules that had been "absorbed into the human body." SDCL § 22-42-1(1) (2019). Fahham argues the amendment merely clarified the

---

[1] The record reflects that, prior to the decision of the Immigration Judge, Fahham successfully petitioned a South Dakota court to strike the unconstitutional "banishment" provision from his sentence.

definition of "controlled drug or substance" and therefore it applied to his conviction.

Before the Immigration Judge, the parties agreed that SDCL § 22-42-2 was overbroad at the time Fahham was convicted.[2] Assuming without deciding that the parties were correct as to this point, we find that SDCL § 22-42-2 is divisible, in that the identity of the drug or substance at issue is an element of the offense. *See, e.g.*, *State v. Whistler*, 851 N.W. 2d 905, 912 (S.D. 2014) (quoting jury instructions that required state to prove beyond a reasonable doubt that defendant "possessed the controlled drug or substance cocaine"); *State v. Fox*, 313 N.W.2d 38, 41 (S.D. 1981) (quoting jury instructions that stated, as one of the "essential elements of the offense of distribution of a controlled substance, namely, cocaine as charged in the Information, each of which the State must prove beyond a reasonable doubt" that the defendant "had in his possession a quantity of the controlled drug or substance cocaine").

As for the 2001 amendment, it does not apply to Fahham's conviction. The amendment altered existing law rather than merely clarifying it. *See State v. Schroeder*, 674 N.W.2d 827, 831 (S.D. 2004) (analyzing 2001 amendment and referring to it, *inter alia*, as a "change," as resulting in an "amended" definition,

---

[2] More particularly, the parties agreed that the relevant South Dakota drug schedules included (and therefore SDCL § 22-42-2 criminalized distribution of) substances that were not included in the corresponding federal drug schedules.

4

and as creating a "new statutory framework"). Therefore, as the BIA held, the Immigration Judge properly relied on state court criminal records to establish that Fahham pled guilty to a predicate controlled substance offense. *See Shepard v. United States*, 544 U.S. 13, 26 (2005) (limiting scope of documents that may be considered under modified categorical approach).

3. Finally, we find no merit in Fahham's contentions that his 1982 conviction did not constitute an aggravated felony or a particularly serious offense for purposes of the INA.

**PETITION DENIED.**